**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

DEBORAH BRADLEY, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

DENTALPLANS.COM,

    Defendant.
_____/

CASE NO.: 1:20-cv-01094

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

1. Plaintiff, Deborah Bradley, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage over the proliferation of intrusive, nuisance calling practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. Plaintiff has received nonconsensual, pre-recorded message calls from Defendant, DentalPlans.com in an effort to extend dental coverage for her family. DentalPlans.com's calls continued even after Plaintiff asked that they stop.

3. Given the automated - and incessant - nature of these violations, and the cost of litigation as compared with individual recoveries a class action is the only practicable means of obtaining redress for Defendant's illegal pre-recorded messages, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

4.     Plaintiff, Deborah Bradley, is a natural person who resides in Harford County, Maryland. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39), as well as a citizen of the State of Maryland. At all relevant times, Plaintiff was the subscriber for the cellular telephone at issue, and received the calls and messages complained of herein while in Maryland.

5.     Defendant, DentalPlans.com, is a corporation with a principal place of business at 8100 SW 10th Street, Suite 2000, Plantation, Florida 33324.

## JURISDICTION AND VENUE

6.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims*, 565 U.S. at 372.

7.     The Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because DentalPlans.com does business in this District, caused the calls that are the subject of this lawsuit to be made into this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## TCPA BACKGROUND

8.     Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread abuses. *See Mims*, 565 U.S. at 371 (noting that federal legislation – the TCPA – was enacted after Congress found that callers, "by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls").

9. Some of the TCPA's most stringent restrictions pertain to calls placed to cell phones: The statute broadly bans the making of any non-emergency call using a prerecorded voice during a call to a number assigned to a cellular telephone service, unless with the "prior express consent" of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides for injunctive relief, plus the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

## FACTS

11. DentalPlans.com has sent multiple pre-recorded messages to Plaintiff's cell phone number.

12. For example, DentalPlans.com sent the following pre-recorded messages to Plaintiff on multiple occasions:

> **Renew your plan today and get 25% off when you mention the Special code "Secret25". This offer won't last long so please call our DP at your service team back at 1-844-371-2316 between the hours of 8:30 a.m. and 10:00 p.m. Eastern Standard Time. Again, don't forget to mention the code "Secret25" to get your special 25% discount. Thank you and we look forward to speaking with you soon.**
>
> **This is a renewal offer. Please call us back today at 855-217-3939 between the hours of 8:30 a.m. and 10:00 p.m. to take advantage of this limited time offer. Thank you and have a wonderful day.**

13. Plaintiff requested that DentalPlans.com stop contacting her, in around September 2019, but calls containing pre-recorded voice messages continued.

14. The pre-recorded voice messages that DentalPlans.com left on Plaintiff's voicemail were form communications that were sent to thousands of consumers with identical - or nearly identical - verbiage.

15. DentalPlans.com did not have permission or consent to make the pre-recorded voice calls to Plaintiff.

16. Indeed, DentalPlans.com did not have consent to receive calls from *anybody* in the proposed class, because it did not have a policy of obtaining "prior express written consent" pursuant to 47 C.F.R. § 64.1200(f)(8), before making calls such as the ones it made Plaintiff.

17. DentalPlans.com did not have adequate or reasonable policies in place to prevent calling people like Plaintiff, who requested that calls stop. Alternatively, DentalPlans.com did not have any Do Not Call policy at all, or did not follow the policies it had in place. On information and belief, DentalPlans.com logged Plaintiff's do-not-call request in its computer system, but continued to place calls utilizing pre-recorded messages to Plaintiff's cellular telephone despite this.

18. On information and belief, DentalPlans.com keeps records and data from which it can determine which pre-recorded voicemail calls it made without consent, but has elected not to engage such to prevent TCPA violations for business reasons. DentalPlans.com placed its own pecuniary interests above Plaintiff and others' privacy interests.

19. Plaintiff and the class have been damaged by Defendant's pre-recorded voice calls. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the improper pre-recorded messages. Defendant's pre-recorded messages were annoying and a nuisance, and wasted the time of Plaintiff and the class. *See, e.g., Mims*, 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to autodialed calls).

20. Plaintiff and the class suffered injury-in-fact in at least one of the manners contemplated by Congress when it passed the TCPA because of Defendant's conduct. For

example, the "prerecorded telephone calls [were] a nuisance and an invasion of privacy" for them, because Plaintiff and the class received these calls on their phones. Telephone Consumer Protection Act of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

21.     Such injury-in-fact is directly traceable to DentalPlans.com's pre-recorded phone calls, because the class members personally felt the brunt of DentalPlans.com's illegal calling and annoying prerecorded messages.

22.     This injury-in-fact is redressable through a favorable decision by this Court, both through money damages and through prospective relief.

23.     DentalPlans.com was aware of the TCPA's restrictions, but nonetheless proceeded to make these pre-recorded messages and calls to Plaintiff and the Class, anyways.

## CLASS ACTION ALLEGATIONS

24.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and a Rule 23(b)(3) (or, in the alternative, Rule 23(b)(2)) class (the "Class") consisting of:

> All non-customers (i) to whom DentalPlans.com or someone on its behalf called and played a prerecorded voice (ii) to a cellular telephone number, (iii) where DentalPlans.com did not have a signed authorization from such person agreeing to receive telemarketing prerecorded voice calls at the time of the call.
>
> Plaintiff alleges a subclass of persons who received more than one such call after having asked not to receive further calls.

25.     Upon information and belief, DentalPlans.com called more than 1,000 individuals in the four years leading to the filing of this action using the same or similar prerecorded messages and system as was used in the calls to Plaintiff.

26. Common questions of law or fact exist as to all members of the Class, and predominate over any questions solely affecting any individual member, including Plaintiff. Such common questions include, but are not limited to, the following:

   a. Whether DentalPlan.com's pre-recorded messages and calls were made using an "artificial or prerecorded voice" as such term are defined or understood under the TCPA and applicable FCC regulations and orders;

   b. Whether DentalPlan.com had a policy of obtaining "prior express written consent" to use a prerecorded voice during telemarketing calls;

   c. Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the other members of the Class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

27. Plaintiff's claims are typical of the claims of the other members of the Class. The factual and legal bases of DentalPlan.com's liability to Plaintiff and the other Class members are the same: Defendant violated the TCPA by placing pre-recorded telemarketing calls to the cellular telephone of each member of the Class, including Plaintiff, without the requisite permission.

28. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that might conflict with the interests of the Class, is interested in pursuing these claims vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regard to the claims alleged herein.

29. Class action treatment is superior to all other alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of members of the Class, such that joinder of all members is impracticable.

30. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

31. DentalPlans.com has acted, and failed to act, on grounds generally applicable to Plaintiff and the other members of the Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual Class members, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct.

32. DentalPlans.com knew about the TCPA, and knew that some of its pre-recorded calls were being place to cellular telephones with out the requisite consent- including the pre-recorded calls received by Plaintiff - but made a conscious decision to continue placing pre-recorded message calls in spite of this, for business efficiency and pecuniary reasons. Money damages are therefore insufficient to wrench compliance, and prospective relief is necessary to ensure compliance.

33. The identity of the Class is, on information and belief, readily identifiable from Defendant's and its vendors' records.

## COUNT I

### Violations of the TCPA, 47 U.S.C. § 227
### (Prerecorded Voice Call Violations)

34. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

35. It is a violation of the TCPA to make "any telephone call that … constitutes telemarketing, using an … artificial or prerecorded voice, to a [cellular telephone service] …, other

than a call made with the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(2).

36.     DentalPlans.com initiated, or caused to be initiated, telemarketing calls to the cellular telephone numbers of Plaintiff and other noncustomers and played an an artificial/ pre-recorded voice during such calls.

37.     These calls were made without regard to whether or not DentalPlans.com had consent or permission to make such calls. DentalPlans.com did not have prior express consent to call the cell phones of Plaintiff and the other members of the Class when the pre-recorded message calls were made.

38.     Defendant's calls and violations were negligent; alternatively, they were willful or knowing.

39.     To the extent that some or all of the calls to Plaintiff and the Class were made by DentalPlans.com's vendors, DentalPlans.com is liable for those communications, too.

40.     As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls.  47 U.S.C. § 227(b)(3).

41.     DentalPlans.com knows about the TCPA's restrictions.  It elected to make the calls complained of herein in spite of its knowledge.

42.     Because Defendant knew or should have known that Plaintiff and the other members of the Class had not given prior express consent to receive its pre-recorded message calls to their cell phones—and/or willfully caused such calls to be made to the cell phones of Plaintiff and the other members of the Class without prior express consent—the Court should treble the

amount of statutory damages available to Plaintiff and the other members of the Class, pursuant to Section 227(b)(3) of the TCPA.

43. Moreover, because DentalPlans.com has been sued for TCPA violations before but failed to cease the illegal activity, it is clear that both money damages and injunctive relief are necessary to wrench proper compliance.

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that the Court appoint Plaintiff as Class representative, appoint her counsel as Class Counsel, and enter judgment against Defendant for:

A. Certification of the Class as alleged herein;

B. A declaration that Defendant violated the TCPA as to Plaintiff and the Class;

C. An injunction prohibiting further prerecorded voice telemarketing calls to persons who have not consented;

D. Damages pursuant to 47 U.S.C. § 227(b)(3), as applicable;

E. Costs, expenses, and attorneys' fees, to the extent permitted by law; and

F. Such other or further relief as the Court deems just and proper.

## COUNT II

### Violations of the TCPA, 47 U.S.C. § 227
### (Internal Do Not Call Violations)

44. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

45. The TCPA 47 C.F.R. § 64.1200(d) requires Persons like DentalPlans.com who wish to use telemarketing to drum up business to have policies and procedures in place, as well as implement training to all persons involved, designed to ensure that requests to stop calling are honored.

46. DentalPlans.com did not have a sufficient or compliant Do Not Call policy or training, and/or did not follow the procedures it had in place.

47. Plaintiff and the members of the subclass were damaged by DentalPlans.com's Do Not Call failures, in that they received repeated telemarketing calls even after direct requests for calls to cease.

48. Defendant's calls and violations were negligent; alternatively, they were willful or knowing.

49. To the extent that some or all of the calls to Plaintiff and the Class were made by DentalPlans.com's vendors, DentalPlans.com is liable for those communications, too.

50. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls.  47 U.S.C. § 227(b)(3).

51. DentalPlans.com knows about the TCPA's restrictions.  It elected to make the calls and play the messages described herein in spite of its knowledge.

52. Because Defendant knew or should have known that Plaintiff and the other members of the Class had not given prior express consent to receive its pre-recorded message calls to their cell phones—and/or willfully caused such calls to be made to the cell phones of Plaintiff and the other members of the Class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the Class, pursuant to Section 227(b)(3) of the TCPA.

53. Moreover, because DentalPlans.com has been sued for TCPA violations before but failed to cease the illegal activity, it is clear that both money damages and injunctive relief are necessary to wrench proper compliance.

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that the Court appoint Plaintiff as Class representative, appoint her counsel as Class Counsel, and enter judgment against Defendant for:

A. Certification of the Class as alleged herein;

B. A declaration that Defendant violated the TCPA as to Plaintiff and the Class;

C. An injunction prohibiting further prerecorded voice telemarketing calls to persons who asked that calls cease as well as court-ordered monitoring overseen by Plaintiff's counsel for five years;

D. Damages pursuant to 47 U.S.C. § 227(b)(3), as applicable;

E. Costs, expenses, and attorneys' fees, to the extent permitted by law; and

F. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 28, 2020

                                        Respectfully submitted,

                                        DEBORAH BRADLEY, individually and on behalf of others similarly situated

                                        By: */s/ Peter A. Holland*
                                        Peter A. Holland
                                        Fed. Bar No. 10866
                                        Emanwel J. Turnbull
                                        Fed. Bar No. 19674

THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21401
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
peter@hollandlawfirm.com
eturnbull@hollandlawfirm.com


Amanda J. Allen, (Fla. Bar No. 98228)
(pending *pro hac vice* admission)
William "Billy" Peerce Howard (Fla. Bar No. 103330) (pending *pro hac vice* admission)
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd.
Tampa, FL 33629
Telephone: (813) 500-1500
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com

Alexander H. Burke
(pending *pro hac vice* admission)
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
aburke@burkelawllc.com

*Counsel for Plaintiff*

**Document Preservation Demand**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If

Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

*/s/ Peter A. Holland*
PETER A. HOLLAND
