IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEBORAH BRADLEY | * | |
| | * | |
| v. | * | Civil No. CCB-20-1094 |
| | * | |
| DENTALPLANS.COM | * | |
| | * | |

\* \* \* \* \*

**MEMORANDUM & ORDER**

On April 28, 2020, Deborah Bradley filed an individual and class action complaint against Dentalplans.com ("DentalPlans") alleging violations of the Telephone Consumer Protection Act ("TCPA")'s prohibitions regarding pre-recorded voice calls and requirements regarding internal do-not-call procedures. Now pending is Bradley's motion for leave to amend her complaint to add Cigna Health and Life Insurance Company ("Cigna") (ECF 28) as a defendant based on information learned in discovery that indicates Cigna is vicariously liable for DentalPlans alleged violations. Bradley's motion further seeks leave to remove class allegations from her "do-not-call" claims (Count II) and to clarify a few factual issues. (*Id.*). The motion was made within the deadline in the agreed-upon scheduling order for moving for joinder of additional parties and amendment of pleadings. (ECF 20). DentalPlans opposes only the joinder of Cigna as a defendant. (ECF 29).

Leave to amend should be freely granted under Rule 15(a), and amendments are generally accepted absent futility, undue prejudice, or bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Matrix Capital Mgmt. Fund, LP v. BearingPoint*, *Inc*., 576 F.3d 172, 193 (4th Cir. 2009) (explaining that leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile"). An amendment is futile when the proposed amended complaint would not satisfy the requirements of the federal rules, *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d

1

370, 376 (4th Cir. 2008), including when the proposed amendment "is clearly insufficient" under Rule 12 (b)(6) "or frivolous on its face." *Miller v. Md. Dep't of Natural. Res.*, 813 F. App'x 869, 880 (4th Cir. 2020) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)).[1] [2]

DentalPlans does not argue that the addition of Cigna as a defendant will cause it prejudice or that the amendment is sought in bad faith; it argues only that amendment is futile because Bradley's claim does not allege sufficient facts to support a plausible theory of Cigna's vicarious liability. Cigna may be vicariously liable for DentalPlans's alleged TCPA violations where DentalPlans engaged in the alleged conduct on Cigna's behalf, under common law principles of agency. *See Hodgin v. UTC Fire & Sec'y Ams. Corp., Inc.*, 885 F.3d 243, 251–52 (4th Cir. 2018); *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 659 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 676 (2019); 47 U.S.C. § 227(c)(5). "Under traditional agency law, an agency relationship exists when a principal 'manifests assent' to an agent 'that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.'" *Krakauer*, 925 F.3d at 659–60 (quoting Restatement (Third) of Agency, § 1.01). "'Generally, the existence and scope of agency relationships are factual matters,' and are therefore often appropriately left to the jury." *Id.* at 660 (quoting *Metco Products, Inc., Div. of Case Mfg. Co. v. NLRB*, 884 F.2d 156, 159 (4th Cir. 1989)).

Factual allegations that may support a claim of vicarious liability under the TCPA include, among other things, the existence of a contractual relationship between a company and the third-party telemarketer such as DentalPlans; authorization given to the third-party telemarketer to use

---

[1] Unpublished opinions are cited for the soundness of their reasoning and not for any precedential value.

[2] Under Rule 20, "[p]ersons . . . may be joined into one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

the company logo; the company's knowledge of the telemarketer's internal policies; whether the company created scripts for the telemarketers; whether the telemarketer has access to information regarding the company's products; whether the company wrote or reviewed the telemarketer's scripts; whether the company was aware of the telemarketer's TCPA violations and failed to take effective steps within its power to force the telemarketer to cease that conduct. *See Krakauer*, 925 F.3d at 660; *Hossfeld v. Gov't Emps. Ins. Co.*, 88 F. Supp. 3d 504, 510–11 (D. Md. 2015); *In re Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6592–93 (2013). For example, in *Hossfeld*, the court denied a motion to dismiss TCPA claims against an insurance company where the plaintiffs alleged that the company "contracted with third-party telemarketers, created scripts for those telemarketers, knew the third-parties were using automated dialing systems in violation of the TCPA, and had the third-parties make calls with those systems before forwarding the call to GEICO sales representatives." *Hossfeld*, 88 F. Supp. 3d at 510–11.

Here, Bradley's amended complaint alleges that DentalPlans has sent multiple pre-recorded messages to her cell phone number, "for the purpose of selling her good and services, including Cigna branded products." (ECF 28-1 ¶ 14). For those calls selling Cigna branded products, Bradley alleges that there existed an agreement between Cigna and Dental Plans which authorized Cigna to review, control, and audit DentalPlans' marketing communications; gave Cigna the power to provide instructions to DentalPlans regarding its telemarketing practices; authorized DentalPlans to hold itself out as an "authorized dealer" of Cigna products and services and to use Cigna's name and trademark during telemarketing calls. (*Id.* ¶¶ 23(a)–23(h)). The court disagrees with DentalPlans that these allegations are only conclusory statements of agency principles. Similar to *Hossfeld*, Bradley has alleged that she received calls from DentalPlans, a third party telemarketer designed to sell branded products of another company, Cigna, and that

3

there was a contractual relationship between the company and the third party which created control for the company over the telemarketer's practices with respect to selling its products. *See* 88 F. Supp. 3d at 510–11. At this stage of the proceedings, the court does not believe these allegations are "clearly insufficient" under Rule 12 (b)(6) "or frivolous on [their] face." *Miller*, 813 F. App'x at 880; *Burrows v. Gen. Motors Co.*, No. 4:12-CV-02823, 2013 WL 3967115, at *5 (D.S.C. July 31, 2013) (granting motion for leave to amend to add defendant where the proposed amendment was not clearly frivolous on its face and noting that the putative defendant "is able to defend itself against any allegations directed toward it . . . and raise any appropriate and applicable defenses on its own"). That DentalPlans cites some cases in which a vicarious liability claim under the TCPA survived a motion to dismiss based on somewhat more detailed allegations, *see Hayhurst v. Keller Williams Realty, Inc.*, No. 1:19CV657, 2020 WL 4208046, at *6 (M.D.N.C. July 22, 2020); *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 775–76 (N.D. Ill. 2014); *Valdes v. Century 21 Real Est., LLC*, No. CV 2:19-05411, 2019 WL 5388162, at *4 (D.N.J. Oct. 22, 2019), does not persuade the court that Bradley must plead an identical level of detail. A plaintiff "need not plead . . . every nuance of the relationship[]" between the alleged principal and agent to state a plausible claim. *Hossfeld*, 88 F. Supp. 3d at 510 n.12.

Accordingly, it is hereby ORDERED that:

1. Bradley's motion to amend the complaint (ECF 28) is GRANTED;
2. The Amended Complaint and Jury Demand attached to the motion shall be deemed to have been filed as of the date of this Order.

 8/2/2021  
Date

/S/  
Catherine C. Blake  
United States District Judge