**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

DEBORAH BRADLEY, individually and on
behalf of others similarly situated,
    Plaintiff,                                      CASE NO.:    CCB-20-1094

v.                                                      **CLASS ACTION**
                                                          **JURY TRIAL DEMANDED**
DENTALPLANS.COM, and
CIGNA HEALTH AND LIFE
INSURANCE COMPANY,
    Defendants.
                                                 /

## AMENDED CLASS ACTION COMPLAINT

1. "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335, 2343 (2020). "Telemarketing calls are … intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records." *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 649 (4th Cir. 2019).

2. Plaintiff Deborah Bradley brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to the widespread public outrage and distain for these intrusive, nuisance robocalls. *Id*.

3. DentalPlans.com has called Plaintiff dozens of times in efforts to sell goods and services to her, including a Cigna-branded dental discount program.

4. Given the automated - and incessant - nature of these robocall violations, and the cost of litigation as compared with individual recoveries a class action is the only practicable means of obtaining redress for Defendant's illegal prerecorded messages, and is consistent both

with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff, Deborah Bradley, is a natural person who resides in Harford County, Maryland. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39), as well as a citizen of the State of Maryland. At all relevant times, Plaintiff was the subscriber for the cellular telephone at issue, and received the calls and messages complained of herein while in Maryland.

6. Defendant, DentalPlans.com, is a corporation with a principal place of business at 8100 SW 10th Street, Suite 2000, Plantation, Florida 33324.

7. Defendant Cigna Health and Life Insurance Company ("Cigna") is a corporation with its principal place of business in Bloomfield, Connecticut.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims*, 565 U.S. at 372.

9. The Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because DentalPlans.com does business in this District, caused the calls that are the subject of this lawsuit to be made into this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## TCPA BACKGROUND

10. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the

federal government and numerous states have enacted legislation to combat these widespread abuses. *See Mims*, 565 U.S. at 371 (noting that federal legislation – the TCPA – was enacted after Congress found that callers, "by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls").

11.     Unwanted automated calls significantly invade the privacy of Americans, diminish the usefulness of cellular telephones, and threaten public safety. In August 2020 alone, Americans were subjected to 3.7 *billion* robocalls, and in 2019, Americans were bombarded with over 58 *billion* automated calls.

12.     Some of the TCPA's most stringent restrictions pertain to calls placed to cell phones: The statute broadly bans the making of any non-emergency call using a prerecorded voice during a call to a number assigned to a cellular telephone service, unless with the "prior express consent" of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

13.     The TCPA provides for injunctive relief, plus the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

**FACTS**

14.     DentalPlans.com has sent multiple prerecorded messages to Plaintiff's cell phone number, for the purpose of selling her goods and services, including Cigna branded products.

15.     For example, DentalPlans.com sent the following prerecorded messages to Plaintiff on multiple occasions:

> **Renew your plan today and get 25% off when you mention the Special code "Secret25". This offer won't last long so please call our DP at your service team back at 1-844-371-2316 between the hours of 8:30 a.m. and 10:00 p.m. Eastern Standard Time. Again, don't forget to mention the code "Secret25" to get your special 25% discount. Thank you and we look forward to speaking with**

> **you soon.**
>
> **This is a renewal offer. Please call us back today at 855-217-3939 between the hours of 8:30 a.m. and 10:00 p.m. to take advantage of this limited time offer. Thank you and have a wonderful day.**

16. Plaintiff recalls requesting that DentalPlans.com stop contacting her, around September 2019, but calls containing prerecorded voice messages continued thereafter.

17. The prerecorded voice messages that DentalPlans.com left on Plaintiff's voicemail were form communications that were sent to thousands of consumers with identical - or nearly identical - verbiage.

18. During the time before filing this complaint, DentalPlans.com's formal policy, practice and procedure was to obtain so-called "written consent" on the telephone, without disclosing that the consumer is agreeing to receive telemarketing calls.

19. Neither DentalPlans.com nor Cigna had consent to make calls to *anybody* in the proposed class, because their consent policy, practice and procedures fell materially short of compliance with 47 C.F.R. § 64.1200(f)(8).

20. Neither DentalPlans.com nor Cigna had adequate or reasonable policies in place to prevent calling people like Plaintiff, who previously indicated a desire not to receive marketing calls. Alternatively, they did not follow policies that were in place.

21. DentalPlans.com keeps records and data from which it can determine which prerecorded voicemail calls it made without consent, and on which calls it tried to sell – or *did* sell – Cigna goods and services.

22. Cigna is liable for DentalPlans.com's calls.

23. DentalPlan.com was Cigna's agent for purposes of the prerecorded calls to Plaintiff and the subclass, and additionally and alternatively is vicariously liable because among other things Cigna:

   a. had the ability to control DentalPlans.com, including its marketing communications;

   b. retained the express right to assess and audit DentalPlans.com's business activities, including marketing practices and communications;

   c. retained the right to terminate its relationship with DentalPlans.com at any time, effective upon notice, for any perceived breach of the parties' agreement;

   d. delegated to DentalPlans.com the authority to select with whom Cigna will contract, and to consummate such on Cigna's behalf;

   e. retained the power to provide interim instructions to DentalPlans.com, including with regard to the specifics of its telemarketing practices;

   f. delegated to DentalPlans.com the authority to use Cigna's name and trademark in its marketing, including on telemarketing calls;

   g. authorized DentalPlans.com to publicly hold itself out as an authorized dealer of Cigna's products and services, thus giving plaintiff and the public the reasonable (and true) impression and understanding that there was an agency relationship;

   h. accepted the benefits of DentalPlans.com's telemarketing, with knowledge that such telemarketing was happening, and with knowledge of DentalPlans.com's lacking consent policies. Alternatively, Cigna blindly accepted the benefits of the telemarketing, even though a reasonable actor would have inquired.

24. Cigna has defended TCPA class actions before, and has also engaged in insurance coverage litigation with regard to TCPA cases.

25. Cigna reviewed and approved DentalPlans.com's noncompliant TCPA consent and marketing policies. Alternatively, Cigna recklessly did not review those policies, even though any reasonably prudent actor would have under the circumstances.

26. Plaintiff and the class have been damaged by DentalPlan.com's prerecorded calls made to market Cigna products and services. Their privacy was improperly invaded, Defendants' calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the improper prerecorded messages. Defendants' prerecorded messages were annoying and a nuisance, and wasted the time of Plaintiff and the class. *See, e.g., Mims*, 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to autodialed calls).

27. Plaintiff and the class suffered injury-in-fact in at least one of the manners contemplated by Congress when it passed the TCPA because of Defendants' conduct. For example, the "prerecorded telephone calls [were] a nuisance and an invasion of privacy" for them, because Plaintiff and the class received these calls on their phones. Telephone Consumer Protection Act of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

28. Such injury-in-fact is directly traceable to DentalPlans.com's prerecorded phone calls made to sell Cigna goods and services, because the class members personally felt the brunt of DentalPlans.com's illegal calling and annoying prerecorded messages.

29. This injury-in-fact is redressable through a favorable decision by this Court, both through money damages and through prospective relief.

30.     DentalPlans.com and Cigna were aware of the TCPA's restrictions, but nonetheless proceeded to make these prerecorded messages and calls to Plaintiff and the Class, anyways.

## CLASS ACTION ALLEGATIONS

31.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and a Rule 23(b)(3) (or, in the alternative, Rule 23(b)(2)) class (the "Class") consisting of:

> All persons who were non-customers at the time of the call (i) to whom DentalPlans.com or someone on its behalf called and played a prerecorded voice for the purpose of selling goods and/or services (ii) to a cellular telephone number, (iii) where DentalPlans.com did not have a signed authorization from such person agreeing to receive telemarketing prerecorded voice calls at the time of the call.
>
> > Plaintiff alleges a subclass of persons to whom DentalPlans.com's calls were made for the purpose of advertising or selling Cigna products or services.

32.     Upon information and belief, DentalPlans.com called more than 1,000 individuals who fit the class definition, in the four years leading to the filing of this action, and there are more than 1,000 persons in the subclass.

33.     Plaintiff is a member of the class, and the subclass.

34.     Common questions of law or fact exist as to all members of the Class and Subclass, and predominate over any questions solely affecting any individual member, including Plaintiff. Such common questions include, but are not limited to, the following:

   a.   Whether DentalPlan.com's prerecorded messages and calls were made using an "artificial or prerecorded voice" as such term are defined or understood under the TCPA and applicable FCC regulations and orders;

   a.   Whether DentalPlans.com's calls were made for the purpose of advertising or selling Cigna products or services.

      b. Whether DentalPlan.com had a policy of obtaining "prior express written consent" to use a prerecorded voice during telemarketing calls;

      c. Damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and the other members of the Class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

35. Plaintiff's claims are typical of the claims of the other members of the Class. The factual and legal bases of DentalPlan.com and Cigna's liability to Plaintiff and the other Class members are the same: Defendants violated the TCPA by placing prerecorded telemarketing calls to the cellular telephone of each member of the Class, including Plaintiff, without the requisite permission.

36. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that might conflict with the interests of the Class, is interested in pursuing these claims vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regard to the claims alleged herein.

37. Class action treatment is superior to all other alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of members of the Class, such that joinder of all members is impracticable.

38. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

39. Defendants have acted, and failed to act, on grounds generally applicable to Plaintiff and the other members of the Class, thereby making relief appropriate with respect to the

Class as a whole. Prosecution of separate actions by individual Class members, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct.

40. DentalPlans.com and Cigna knew about the TCPA, and knew that some of DentalPlans.com's prerecorded calls were being place to cellular telephones without the requisite consent- including the prerecorded calls received by Plaintiff - but made a conscious decision to continue placing prerecorded message calls in spite of this, for business efficiency and pecuniary reasons. Money damages are therefore insufficient to wrench compliance, and prospective relief is necessary to ensure compliance.

41. The identity of the Class is readily identifiable from Defendants' and their vendors' records.

## COUNT I

**Violations of the TCPA, 47 U.S.C. § 227**
**(Prerecorded Voice Call Violations; Class Claim)**

42. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

43. It is a violation of the TCPA to make "any telephone call that … constitutes telemarketing, using an … artificial or prerecorded voice, to a [cellular telephone service] …, other than a call made with the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(2).

44. DentalPlans.com initiated, or caused to be initiated, telemarketing calls to the cellular telephone numbers of Plaintiff and other noncustomers and played an artificial/ prerecorded voice during such calls. Some such calls were made on behalf of Cigna.

45. These calls were made without regard to whether or not DentalPlans.com had consent or permission to make such calls. DentalPlans.com did not have prior express consent to call the cell phones of Plaintiff and the other members of the Class when the prerecorded message calls were made.

46. Defendants' calls and violations were negligent; alternatively, they were willful or knowing.

47. To the extent that some or all of the calls to Plaintiff and the Class were made by DentalPlans.com's vendors, DentalPlans.com is liable for those communications, too.

48. As a result of Defendants' conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls. 47 U.S.C. § 227(b)(3).

49. DentalPlans.com and Cigna know about the TCPA's restrictions. They elected to make the calls complained of herein in spite of such knowledge.

50. Because Defendants knew or should have known that Plaintiff and the other members of the Class had not given prior express consent to receive its prerecorded message calls to their cell phones—and/or willfully caused such calls to be made to the cell phones of Plaintiff and the other members of the Class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the Class, pursuant to Section 227(b)(3) of the TCPA.

51. Moreover, because DentalPlans.com has been sued for TCPA violations before but failed to cease the illegal activity, it is clear that both money damages and injunctive relief are necessary to wrench proper compliance.

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that the Court appoint Plaintiff as Class representative, appoint her counsel as Class Counsel, and enter judgment against Defendant for:

A. Certification of the Class as alleged herein;

B. A declaration that Defendants violated the TCPA as to Plaintiff and the Class;

C. An injunction prohibiting further prerecorded voice telemarketing calls to persons who have not consented;

D. Damages pursuant to 47 U.S.C. § 227(b)(3), as applicable;

E. Costs, expenses, and attorneys' fees, to the extent permitted by law; and

F. Such other or further relief as the Court deems just and proper.

## COUNT II

### Violations of the TCPA, 47 U.S.C. § 227
### (Internal Do Not Call Violations; Individual Claim)

52. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

53. The TCPA 47 C.F.R. § 64.1200(d) requires persons like DentalPlans.com, who wish to use telemarketing to drum up business, to have policies and procedures in place, as well as implement training to all persons involved, designed to ensure that requests to stop calling are honored.

54. DentalPlans.com did not have a sufficient or compliant Do Not Call policy or training, and/or did not follow the procedures it had in place.

55. Plaintiff and the members of the subclass were damaged by DentalPlans.com's calls in that they received repeated telemarketing calls, some even after requests for calls to cease.

56. Defendant's calls and violations were negligent; alternatively, they were willful or knowing.

57. To the extent that some or all of the calls to Plaintiff were made by DentalPlans.com's vendors, DentalPlans.com is liable for those communications, too.

58. As a result of Defendants' conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the Class were harmed and are each entitled to a minimum of $500 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls.  47 U.S.C. § 227(b)(3).

59. DentalPlans.com and Cigna know about the TCPA's restrictions.  They elected to make the calls and play the messages described herein in spite of such knowledge.

60. Because Defendants knew or should have known that the TCPA 47 C.F.R. § 64.1200(d) requires Defendants to have policies and procedures in place, as well as implement training to all persons involved, designed to ensure that requests to stop calling are honored—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the Class, pursuant to Section 227(b)(3) of the TCPA.

61. Moreover, because Defendants have been sued for TCPA violations before but failed to cease the illegal activity, it is clear that both money damages and injunctive relief are necessary to wrench proper compliance.

WHEREFORE, Plaintiff, individually, requests that the Court enter judgment against Defendants for:

A. A declaration that Defendant violated the TCPA as to Plaintiff;

B.  An injunction prohibiting further prerecorded voice telemarketing calls to persons who asked that calls cease as well as court-ordered monitoring overseen by Plaintiff's counsel for five years;

C.  Damages pursuant to 47 U.S.C. § 227(b)(3), as applicable;

D.  Costs, expenses, and attorneys' fees, to the extent permitted by law; and

E.  Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: January 22, 2021

Respectfully submitted,

DEBORAH BRADLEY, individually and on behalf of others similarly situated

By: */s/ Peter A. Holland*
Peter A. Holland
Fed. Bar No. 10866
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21401
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
peter@hollandlawfirm.com

Amanda J. Allen, (Fla. Bar No. 98228)
(admitted *pro hac vice*)
William "Billy" Peerce Howard (Fla. Bar No. 103330) (admitted *pro hac vice*)
THE CONSUMER PROTECTION FIRM, PLLC
401 East Jackson Street, Suite 2340.
Tampa, FL 33602
Telephone: (813) 500-1500
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com

Alexander H. Burke

(Admitted *pro hac vice*)
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
aburke@burkelawllc.com

*Counsel for Plaintiff*

**Document Preservation Demand**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

By: */s/ Peter A. Holland*