**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

DEBORAH BRADLEY, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

DENTALPLANS.COM, and
CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

    Defendants.

_____/

CASE NO.: 1:20-cv-01094-CCB

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(2)**

Plaintiff Deborah Bradley's claims against Defendant Cigna Health and Life Insurance

Company ("Cigna") should be dismissed in their entirety and with prejudice because this Court

lacks jurisdiction over Cigna.  Plaintiff has failed to allege any conduct by Cigna at all, much less

conduct directed at Maryland, that is sufficient to confer jurisdiction over Cigna in this case.

Plaintiff claims that Defendant DentalPlans.com ("DentalPlans") violated the Telephone

Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending her pre-recorded voice messages

that informed her that her dental discount plan was about to expire and offering her a discount for

renewal.  Plaintiff does not allege that Cigna placed the calls at issue or otherwise directed any

activity toward Maryland.  Nevertheless, in an effort to apply leverage for settlement, Plaintiff has

named Cigna – the provider of one of the many dental discount plans that DentalPlans sells – as

an additional defendant in this lawsuit.

This tactic fails, however, because this Court is without personal jurisdiction over Cigna.

Plaintiff does not – and cannot – allege that Cigna is incorporated in or has its principal place of

business in Maryland.  Thus, general jurisdiction over Cigna does not exist in Maryland.

Plaintiff likewise cannot establish specific jurisdiction over Cigna.  Plaintiff fails to include any allegations at all – not even conclusory ones – regarding conduct by Cigna directed at Maryland.  And any attempt to impute DentalPlans' contacts with Maryland to Cigna based on an agency theory fails because, as the declaration of Angela Havely confirms, all of Plaintiff's conclusory allegations regarding a purported agency relationship between Cigna and DentalPlans are untrue.  Because the Court lacks personal jurisdiction over Cigna, it must be dismissed from this lawsuit.

## I.      <u>RELEVANT BACKGROUND</u>

DentalPlans is a "direct-to-consumer marketplace, marketing dental savings plans, dental insurance plans, and other healthcare-related products."  (Ex.A to Declaration of Derin B. Dickerson ("Dickerson Decl."), M. Keen Dep. Tr. at 5:21-24). DentalPlans offers approximately thirty dental savings plans from more than twenty different providers, including Aetna, Aon, NewBenefits, Concordia, Cigna, and others.  (*Id.* at 46:3-21).

On April 28, 2020, Plaintiff sued DentalPlans, alleging that DentalPlans sent her prerecorded voice messages without her consent and after she had requested that DentalPlans stop sending them, in violation of the TCPA.  (Dkt. 1, Complaint ¶¶ 11-13.)  Plaintiff further alleged that DentalPlans did not have a sufficient "Do Not Call" policy in violation of the TCPA.  (*Id.* ¶ 46.)

The messages Plaintiff claims DentalPlans sent offered Plaintiff a discount to renew her dental discount plan purchased through DentalPlans.  (*Id.* ¶ 12.)  The alleged messages do not mention Cigna or any other provider of dental discount plans.  (*Id.*)  Plaintiff does not allege that the message was sent only to DentalPlans customers that purchased a Cigna plan but instead

alleges that it was a "form" communication sent to thousands of consumers with identical verbiage. (*Id.* ¶ 14.)

DentalPlans answered the Complaint, denying that it ever sent Plaintiff a prerecorded message without her consent, denying that she ever requested that DentalPlans stop sending prerecorded messages to her, and denying that its "Do Not Call" policy was insufficient. (Dkt. 10 at 5, 14.)

On August 2, 2021, more than a year after filing her complaint, Plaintiff filed a First Amended Complaint (the "FAC"), adding Cigna as a defendant. (Dkt. 42.) Plaintiff does not allege that Cigna placed the calls at issue or otherwise directed any activities to Maryland. In fact, Plaintiff includes no allegations at all regarding any connections that Cigna has to Maryland and does not even allege that this Court has personal jurisdiction over Cigna. Nevertheless, Plaintiff declares that Cigna is liable for the alleged calls because DentalPlans was acting as Cigna's agent in placing the alleged calls. (Dkt. 42, Am. Compl. ¶¶ 22-23.)

Plaintiff recites a series of agency buzzwords in an attempt to establish an agency relationship between Cigna and DentalPlans. (Dkt. 42, Am. Compl. ¶¶ 22-23.) However, these allegations are entirely divorced from the reality of the parties' relationship with respect to the renewal communications at issue in this lawsuit. Cigna has no involvement with, control over, or knowledge about DentalPlans' renewal communications. (Declaration of Angela Havely "Havely Decl." ¶¶ 9-13.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of establishing that personal jurisdiction is proper, a threshold requirement for the action to proceed. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 921 (2011). A plaintiff fails to

3

make the requisite prima facie showing of personal jurisdiction where its "claims of personal jurisdiction are . . .attenuated, lack any 'concrete proffer,' and are based on bare allegations in the face of specific denials[.]" *Stokes v. JPMorgan Chase Bank, NA*, No. JFM 8:11-cv-02620, 2012 U.S. Dist. LEXIS 19575, at *16 (D. Md. Feb. 16, 2012); *see also Coffin v. TGM Asocs. LP,* No. 1:20-cv-03120-SAG, 2021 U.S. Dist. LEXIS 64920, at *10-11 (D. Md. Apr. 2, 2021) (declining to extend personal jurisdiction over defendant where plaintiff's allegations were stated in "conclusory fashion" and were "devoid of specific, non-conclusory" facts sufficient to show purposeful availment).   Indeed, in the Fourth Circuit, a Court need not even permit limited jurisdictional discovery "when a plaintiff offers only speculation or conclusory assertions about contacts with a forum state[.]" *Maryland v. Exxon Mobil Corp*., 406 F. Supp. 3d 420, 449 (D. Md. 2019) (holding that the "record lack[ed] any plausible indicia that PJSC had minimum contacts with Maryland or exerted so much control over its subsidiary, GPMI, such that GPMI's contacts may be imputed to PJSC."). Furthermore, if a defendant presents evidence that refutes a plaintiff's allegations regarding personal jurisdiction, a plaintiff cannot simply rely on its controverted allegations in the complaint.  *Clark v. Remark*, No. 92-1682, 1993 U.S. App. LEXIS 10043, at *7 (4th Cir. Apr. 29, 1993). It must instead come forth with evidence of its own to establish personal jurisdiction.  *Id.*

## III.    **ARGUMENT**

### A.    **This Court lacks personal jurisdiction over Cigna for Plaintiff's claims.**

This Court "may exercise personal jurisdiction over a defendant who is subject to the jurisdiction in the state where the federal court is located." *Stoddard v. Subaru of Am., Inc.*, No. PWG-20-2164, 2021 U.S. Dist. LEXIS 147904, at *5 (D. Md. Aug. 6, 2021).  Thus, "(1) the exercise of jurisdiction must be authorized under [Maryland's] long-arm statute; and (2) the

exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Id.* at *6. Maryland's long-arm statute is coextensive with the limits of personal jurisdiction set by federal due process, and therefore, the jurisdictional analyses under state law and federal due process are the same. *Id.* Accordingly, for this Court to exercise personal jurisdiction over Cigna, Plaintiff must show that Cigna has "minimum contacts" with Maryland "such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" *Id. at *9* (internal quotations omitted). Under this "minimum contacts" analysis, a court can exercise either "general or all-purpose jurisdiction," or "specific or conduct-linked jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 121-22 (2014). Here, Plaintiff has not established either for the reasons set forth below.

### 1. Cigna is not subject to general jurisdiction in Maryland.

As the Supreme Court held in *Daimler*, absent exceptional circumstances, a company is subject to general jurisdiction only in the state of its incorporation and principal place of business. 571 U.S. at 138-39. In *Daimler*, the Supreme Court rejected as "unacceptably grasping" the notion that general jurisdiction exists over a nonresident company simply because the company engages in a "substantial, continuous, and systematic course of business" in the forum. *Id.* at 138. After *Daimler* a new rule emerged – general jurisdiction exists over a company only in its state of incorporation and where it has its principal place of business, absent "exceptional" cases. *Id.* at 139 n.19.

"For a corporation, the paradigmatic jurisdictional forum is the corporation's place of incorporation and principal place of business." *Farrar v. McFarlane Aviation, Inc*., 823 Fed. Appx. 161, 165 (4th Cir. 2020) (citing *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)); *see also Liverpool v. Caesars Balt. Mgmt. Co.,* No. JKB-21-0510, 2021 U.S. Dist. LEXIS 137285, at

*14 (D. Md. July 21, 2021) ("When assessing whether a corporation or limited liability company is essentially at home in the forum State, courts look to the entities' place of incorporation and principal place of business.").

Here, Plaintiff does not (and cannot) establish general jurisdiction over Cigna. Maryland is neither Cigna's state of incorporation nor its principal place of business. (*See* Compl. ¶ 7). Rather, Cigna is incorporated in Connecticut and has its principal place of business in Connecticut – it is not at home in Maryland. (*See* Havely Decl. ¶ 5.) Nor is this an "exceptional case" wherein Cigna's operations in Maryland are "so substantial and of such a nature as to render [Cigna] at home in [Maryland]." *See Farrar*, 823 Fed. Appx. at 165. Plaintiff does not even attempt to satisfy this demanding standard. Plaintiff fails to allege any connections that Cigna has with Maryland at all and, in fact, does not even allege the Court has personal jurisdiction over Cigna. (*See* Compl. at ¶ 9.) Instead, Plaintiff's personal jurisdiction allegations are directed solely at DentalPlans. *See id.*[1] Given that Plaintiff does not allege that Cigna has any connections at all to Maryland, Plaintiff has failed to establish that Cigna is "essentially at home" in Maryland such that it is "comparable to a domestic enterprise." *Daimler*, 571 U.S. at 133 n.11.

### 2.   Cigna is not subject to specific jurisdiction either.

Plaintiff also cannot establish that this Court has specific personal jurisdiction over Cigna. Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Farrar*, 823 F. Appx. at 163. To establish specific jurisdiction, there must be a "connection between the defendant and the forum" that "arise[s] out of contacts that the defendant himself creates with the forum State." *Id.* "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.*

---

[1]   As set forth below, Plaintiff cannot rely on an agency theory to support general jurisdiction.

6

"Although Maryland's long-arm statute 'is coextensive with the limits of personal jurisdiction set by the due process clause of the Federal Constitution,' courts must first 'identify a prong of the [long-arm] statute that appears to confer jurisdiction' before proceeding to the constitutional analysis." *Liverpool,* 2021 U.S. Dist. LEXIS at \*15.  The Fourth Circuit considers three factors when determining whether specific jurisdiction exists: (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). The plaintiff bears the burden of satisfying the first two prongs.  *Tech. Patents, LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, 913 (D. Md. 2008) ("The first two factors correspond with the 'minimum contacts' prong, while the third factor corresponds with the 'fair play and substantial justice' prong.  If the plaintiff meets the burden of establishing minimum contacts, then the burden shifts to defendant to prove that the exercise of jurisdiction in Maryland is unreasonable.")  If the plaintiff does so, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable.  *Id*.  Here, Plaintiff has not (and cannot) establish any one of the three elements with respect to Cigna.

**a.    Specific jurisdiction over Cigna does not exist based on Cigna's contacts with Maryland.**

Specific jurisdiction over Cigna does not exist based on Cigna's own contacts with Maryland.  Plaintiff fails to allege any actions that Cigna itself has undertaken that reflect a "purposeful availment" of the privilege of conducting activities in Maryland.  In fact, Plaintiff does not allege that Cigna has engaged in any activity in Maryland at all or directed any activity at Maryland.  Instead, Plaintiff concedes that the allegedly violative calls to Plaintiff – which is the

7

only activity in this lawsuit directed at Maryland – were placed by DentalPlans, not Cigna. (*See* FAC at ¶¶ 14-15.)  Accordingly, Plaintiff does not and cannot establish that Cigna took any specific action directed at Plaintiff in Maryland that gives rise to Plaintiff's claims.  For this reason, Plaintiff cannot establish the first two elements of the *Carefirst* test based on any of Cigna's purported contacts with Maryland.

**b.       Specific jurisdiction over Cigna does not exist based on DentalPlans' contacts with Maryland.**

Nor is Plaintiff able to establish the first two *Carefirst* elements based on another party's contacts with Maryland. The Supreme Court has emphasized that specific jurisdiction must arise from a defendant's *own contacts* with the forum state, not from a plaintiff's or a third party's contacts with the forum state.  *Walden v. Fiore*, 571 U.S. 277, 286 (2014).  It follows that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  Thus, Cigna's relationship with DentalPlans' alone is insufficient to confer jurisdiction.

Furthermore, Plaintiff is unable to impute DentalPlans' contacts with Maryland to Cigna based on an agency theory because DentalPlans was not acting as Cigna's agent in placing the allegedly violative calls at issue.  This District focuses on three factors in determining whether an agency relationship exists: (1) whether "the agent is subject to the principal's right of control:; (2) whether "the agent has a duty to act primarily for the benefit of the principal; and" (3) whether "the agent has the power to alter the legal relations of the principal."  *Worsham v. Direct Energy Servs., LLC*, No. SAG-20-00193, 2021 U.S. Dist. LEXIS 46837, at *16 (D. Md. Mar. 12, 2021). "The 'essential element of actual agency is the principal's right to control the actor.'"  *In re Monitronics Int'l, Inc.*, No. 1:13-MD-2493, 2019 U.S. Dist. LEXIS 226867, at *23-24 (N.D.W.

8

Va. Apr. 3, 2019)  (citing Restatement § 1.01 cmt. f).  In the TCPA context, courts have characterized  the control necessary  to  establish agency as  being control over  "the manner  and means" of the purported agent's calling activities.  *Mey v. Venture Data*, LLC, 245 F. Supp. 3d 771, 787 (N.D.W. Va. 2017); *Wilson v. PH Phase One Operations L.P.*, 422 F. Supp. 3d 971, 980 (D. Md. 2019).

Although Plaintiff recites the elements necessary to establish an agency relationship in her complaint, these allegations are hopelessly conclusory and patently false.  (*See* FAC ¶ 23.)  Cigna does not control, and has no right to control, the manner and means of any of DentalPlans' renewal communications to its customers – such as the messages at issue in this case.  (Havely Decl.¶ 9.) Moreover, Cigna has never provided, and does even have the right to provide, any interim instructions to DentalPlans regarding these communications.  (*Id.* ¶ 10.)  Nor does Cigna have the right to assess or audit the manner or means of such communications.  (*Id.* ¶ 11.)  The timing, method, and content of such communications is left to DentalPlans' exclusive control.

Furthermore, it would make no logical sense for Cigna to have the right to control such communication.  Plaintiff does not allege that these messages are sent solely to DentalPlans customers  enrolled  in  Cigna's  dental  discount  plan. Instead,  these  messages  are  "form communications" that are sent to DentalPlans' customers, regardless of whether the customer is enrolled in a Cigna plan or one developed by another business partner and competitor of Cigna, such as Aetna, Aon, NewBenefits, or Concordia.  Indeed, DentalPlans' renewal communications do not require a consumer to renew into the same provider plan they previously held—at the time of renewal, the consumer can renew their DentalPlans membership but select an entirely different provider plan.  (Dickerson Decl. Ex. A, M. Keen Dep. Tr. at 46:25-47:5). Given that the pre-recorded messages do not even mention Cigna but instead relate equally to dental discount plans

provided by Cigna's competitors, it would make no sense for Cigna to have any level of control over the communications.  Under these circumstances, DentalPlans has no duty to act "primarily for the benefit of" Cigna or any one of the other providers whose plans DentalPlans administers.

To be clear, Cigna does not dispute that DentalPlans has the authority to use Cigna's name and trademark in DentalPlans' marketing of Cigna's dental discount plan.  (*See* FAC ¶ 23(f).)  Nor does Cigna dispute that it has the right to approve of certain marketing materials that actually use Cigna's name or trademark and describe Cigna's dental discount program.  But, of course, this fact is irrelevant to the dispositive issue here – whether Cigna has control over the manner and means of the of the renewal communications at issue in this lawsuit – which neither mention Cigna's name, use Cigna's trademark, nor describe Cigna's products.  For this reason, DentalPlans was not acting as Cigna's agent when it sent the alleged messages at issue in this case.

Furthermore, Plaintiff is unable to establish an agency relationship based on a theory of ratification. An agency relationship by ratification is established where "the principal, with full knowledge of the facts, acts in such a manner as to unmistakably indicate that he intends to avail himself of the benefits of the contract made by the agent[.]" *Perry v. Scruggs*, 17 Fed. Appx. 81, n.1 (4th Cir. 2001); *Antonio v. Sec. Servs. of Am., LLC*, 701 F. Supp. 2d 749, 770-71 (D. Md. 2010) ("In Maryland, 'ratification requires an intention to ratify, and knowledge of all material facts.'"). Cigna has no knowledge, and would have no reason to have knowledge, regarding the manner and means of the renewal communications that DentalPlans places regarding the renewal of all the plans that DentalPlans administers, including plans developed by Cigna's competitors.  (Havely Decl. ¶ 12.)  For this reason, Plaintiff is unable to establish an agency relationship based on ratification.

Because all of Plaintiff's conclusory allegations regarding Cigna's purported agency

relationship with DentalPlans are untrue, Plaintiff is unable to establish personal jurisdiction over Cigna.  Courts across the country routinely dismiss TCPA cases such as this one where the purported principal defendant submits evidence confirming that it had no control over the allegedly violative calls or messages at issue placed by the purported agent despite the plaintiff's allegations to the contrary.  *See, e.g.*, *Childress v. Deering*, No. 18-cv-455 LF-KBM, 2019 U.S. Dist. LEXIS 14789, at * 12 (D.N.M. Jan. 29, 2019) (dismissing TCPA case for lack of jurisdiction where defendant stated in his affidavit "that he . . .  never made outbound telemarketing calls like the ones Childress describes in his complaint, nor ha[d] he ever employed anyone to make such calls for him," and that he never participated in, set up, directed, controlled, or otherwise authorized the alleged calls); *Arnold v. Grand Celebration Cruises, LLC*, No. 17-cv-685 JAP/KK, 2017 U.S. Dist. LEXIS 130302, at *12, (D.N.M. Aug. 16, 2017) (dismissing TCPA complaint where representative of defendant entity stated in his declaration that entity "did not direct or control the alleged telephone calls to Plaintiff and did not employ any third parties to make outbound telemarketing calls of the kind Plaintiff alleges he received"); *Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 588-89 (S.D. Ohio 2016) (dismissing TCPA case for lack of personal jurisdiction where principal refuted plaintiff's allegations regarding agency relationship in an affidavit); *Phan v. Grand Bahama Cruise Line, LLC*, No. 15-cv-05019-BLF, 2016 U.S. Dist. LEXIS 49219, at *5 (N.D. Cal. Apr. 11, 2016) (dismissing TCPA claim  for  lack  of personal  jurisdiction where plaintiffs "failed to controvert the declarations the [moving] Defendants submitted to show a lack of agency.").

For all of these reasons, Plaintiff cannot satisfy the first two *Carefirst* elements by imputing DentalPlans' contacts with Maryland to Cigna.

> **c.**    **Exercising Personal Jurisdiction Over Cigna is Unreasonable.**

Because Plaintiff cannot establish either of the first two jurisdictional elements, that ends the inquiry.   *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 282 n.12 (4th Cir. 2009) ("Because [Plaintiff] has failed to satisfy the first prong of the specific jurisdiction test, a detailed analysis of this third prong is unnecessary."); *D'Jamoos v. Pilatus Aircraft Ltd*., 566 F.3d 94, 106 (3d Cir. 2009) ("Because we conclude that appellants fail to establish that Pilatus had the required minimum contacts . . .we do not consider, under the third prong of a specific jurisdiction analysis, whether the exercise of specific jurisdiction over Pilatus would comport with fair play and substantial justice.").  But even if Plaintiff could satisfy the first two requirements, the Court should still grant Cigna's motion because the exercise of personal jurisdiction here would be unreasonable.  A "court considers the following "seven factors that are relevant  to a determination of whether the exercise of jurisdiction [would be] reasonable: (A) the extent of the [defendant's] purposeful interjection into the forum state, (B) the burden on the defendant of defending in the forum, (C) the extent of [the] conflict with the sovereignty of [the] defendant's state, (D) the forum state's interest in adjudicating the dispute, (E) the most efficient judicial resolution of the controversy, (F) the importance of the forum to [the] plaintiff's interest in convenient and effective relief, and (G) the existence of an alternative forum."  *Copiers Typewriters Calculators, Inc. v. Toshiba Corp.*, 576 F. Supp. 312, 319 (D. Md. 1983) (citations omitted).

Applying these factors, it would be unreasonable to subject Cigna to personal jurisdiction in Maryland in this case.  As discussed above, DentalPlans made the calls and left the prerecorded voice messages in question, so Cigna made no "purposeful interjection" into Maryland.  The burden on Cigna of litigating this case in Maryland would be substantial, as Cigna's principal place of business, evidence, and witnesses are all in Connecticut.  Moreover, the messages Plaintiff

complains of here were left by DentalPlans, having its principal place of business in Florida, and therefore much of the critical evidence is in Florida, not Maryland. Maryland has no special interest in this case, and the case does not involve claims of Maryland law. Finally, alternative forums exist, such that Plaintiff would not be prejudiced by dismissal. Weighing all these factors, exercising personal jurisdiction over Cigna would be unreasonable.

In sum, Plaintiff cannot establish specific jurisdiction over Cigna based on either Cigna's own contacts with Maryland or by imputing DentalPlans' contacts to Cigna. Because the Court lacks personal jurisdiction over Cigna, it should dismiss Plaintiff's FAC against Cigna in its entirety and with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Cigna respectfully requests the Court dismiss the FAC against Cigna in its entirety and with prejudice.

This 14th day of September, 2021.                **ALSTON & BIRD LLP**

*/s/ Brian D. Frey*
Brian D. Frey,
Maryland Bar No. 17592
The Atlantic Building, 950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
brian.frey@alston.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed a true and correct copy of the within and foregoing with the Clerk of Court using the Court's CM/ECF system, which will automatically send notification of such filings to all counsel of record.

This 14th day of September, 2021.     **ALSTON & BIRD LLP**

*/s/ Brian D. Frey*
Brian D. Frey,
Maryland Bar No. 17592
The Atlantic Building
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
brian.frey@alston.com