# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-253-8487

Derin B. Dickerson                Direct Dial: 404-881-7454                Email: derin.dickerson@alston.com

January 20, 2022

*Via ECF*
Honorable Catherine C. Blake
United States District Judge

Re:  *Bradley v. DentalPlans.com*, Civil Action No. 1:20-cv-1094-CCB
Defendants' Request for a Conference to Address Briefing on Plaintiff's Motion for Class Certification

Dear Judge Blake,

I write to respectfully request that the Court schedule a conference next week to address a dispute between the parties regarding discovery and its impact on the briefing of Plaintiff's early motion for class certification. Defendants believe a stay of briefing on Plaintiff's motion for class certification pending resolution of Cigna's motion to dismiss for lack of personal jurisdiction is warranted as it has not been determined whether the Court has personal jurisdiction over Cigna, and Cigna has not yet participated in discovery. Defendants request a conference next week so that the Court can resolve this issue before Defendants are required to file their opposition to Plaintiffs' motion for class certification (Dkt. No. 70).

By way of background, more than a year after filing this lawsuit against DentalPlans.com, Plaintiff filed an amended complaint on August 2, 2021, adding Cigna Health and Life Insurance Company ("Cigna") as a defendant. (Dkt. 42.) Subsequently, the Court entered a scheduling order setting February 28, 2022,[1] as the deadline for fact discovery and July 25, 2022, as the deadline for Plaintiff to file her motion for class certification. (Dkt. 48.)

On September 14, 2021, Cigna moved to dismiss Plaintiff's amended complaint for lack of personal jurisdiction. (Dkt. 51.) As of December 21, 2021, that motion is fully briefed and pending before the Court. Despite discovery between DentalPlans and Plaintiff ongoing, Plaintiff filed her motion for class certification on December 28, 2021, nearly six months earlier than the deadline set by the Court. (Dkt. 70.) Defendants' opposition was due January 11, 2022. Defendants requested that Plaintiff consent to a stay of briefing on the motion until (1) the completion of fact discovery and (2) resolution of Cigna's pending motion to dismiss for lack of personal jurisdiction, and, in the alternative, a thirty-day extension of time. Plaintiff would not agree to a stay and would not even agree to an extension absent an agreement on firm dates for remaining depositions. Accordingly, with Defendants' deadline

---

[1] If the Court determines that it has personal jurisdiction over Cigna, this deadline will need to be extended to permit Cigna time to obtain discovery from Plaintiff.

approaching, Defendants filed a motion for a thirty-day extension of time, until February 10, 2022, to file their opposition, without Plaintiff's consent, and noted that they would be requesting a stay of all briefing pending resolution of Cigna's motion to dismiss for lack of personal jurisdiction. (Dkt. No. 73.) Subsequently, the parties agreed to schedule Plaintiff's deposition and her husband's deposition for January 27, 2022, and Plaintiff responded to Defendants' motion for extension, consenting to Defendants' request for an extension of time but objecting to stay briefing pending resolution of Cigna's motion to dismiss.

Counsel for the parties conferred on January 20, 2022, regarding the propriety of requiring Defendants to respond to Plaintiff's motion for class certification before the threshold issue of jurisdiction has been resolved and before Cigna has had the opportunity to participate in discovery. The parties were unable to reach an agreement.

Under the local rules, briefing on a formal motion to stay briefing would not be completed until after February 10, 2022—the deadline Defendants have requested for their opposition. Moreover, Defendants do not believe extensive formal briefing of this issue would be particularly helpful as the Parties' positions are clear. Accordingly, Defendants request an emergency conference with the Court next week to resolve the parties' dispute regarding Plaintiff's motion for class certification. Defendants believe the Court will be able to adequately address the issue at an informal teleconference pursuant to the procedures set forth in the Court's scheduling order for resolving discovery disputes.

Sincerely,

Derin B. Dickerson