# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-253-8487

Derin B. Dickerson            Direct Dial: 404-881-7454            Email: derin.dickerson@alston.com

January 24, 2022

Honorable Catherine C. Blake,
United States District Judge (*Via ECF*)

       Re:     <u>Bradley v. DentalPlans.com</u>, Civil Action No. 1:20-cv-1094-CCB
                Defendants' Letter Re Request for Stay of Briefing on Plaintiff's Motion for Class Certification

Dear Judge Blake,

     I write regarding Defendants' request for a stay of briefing on Plaintiff's motion for class certification (Dkt. 70, "Motion") in advance of the teleconference scheduled for January 25, 2022. A stay of briefing pending resolution of Cigna's motion to dismiss for lack of personal jurisdiction (Dkt. 51, the "Motion to Dismiss") is warranted. The Court has not resolved the threshold issue of whether it has personal jurisdiction over Cigna and neither Cigna nor DentalPlans has completed discovery. Defendants request that the Court exercise its discretion to stay briefing on the Motion and reset coextensive deadlines as appropriate once Cigna's Motion to Dismiss has been resolved.

     Plaintiff filed this action against DentalPlans on April 28, 2020. Despite having full knowledge of Cigna's connection to the dispute (or lack thereof), Plaintiff did not seek to amend her complaint to add Cigna until January 22, 2021. The Court granted Plaintiff's motion for leave, and Plaintiff filed her amended complaint on August 2, 2021. Cigna moved to dismiss for lack of personal jurisdiction and as of December 21, 2021, that motion is fully briefed. Plaintiff then filed her Motion on December 28, 2021, nearly six months before the deadline set by the Court. Under the local rules, briefing on a formal motion to stay briefing would not be completed until after February 10, 2021—the deadline Defendants have requested for their opposition. Fact discovery does not close for another month, and Defendants still need to depose Plaintiff and her husband.

     **A.**     ***Cigna should not be forced to oppose class certification (and participate in discovery) while its motion to dismiss for lack of personal jurisdiction is still pending.***

     "Courts commonly stay discovery pending resolution of dispositive motions, and such stays can be 'an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Cognate Bioservices v. Smith*, No. WDQ-13-1797, 2015 U.S. Dist. LEXIS 127217, at *5 (D. Md. Sep. 23, 2015) (internal citations omitted). This is especially true when the dispositive motion challenges "purely legal issues," such as the court's jurisdiction over the case. *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (explaining a district court is "powerless to proceed" without personal jurisdiction). Indeed, "a court is required to resolve threshold jurisdictional issues before considering the merits of a dispute." *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006); *Mates v. N. Am. Vaccine, Inc.*, 53 F. Supp. 2d 814, 819 (D. Md. 1999) (same).

     For this reason, courts routinely stay class certification briefing when motions to dismiss are pending. *See, e.g.*, *In re Catawba Indian Tribe*, 973 F.2d 1133, 1134 (4th Cir. 1992) (denying writ of mandamus to override stay of class certification issues pending resolution of motion to dismiss and subsequent denial of class certification); *Walters v. Transwestern Carey Winston, LLC*, No. WDQ-11-3074, 2012 U.S. Dist. LEXIS 60380, at *4 (D. Md. Apr. 27, 2012) (staying class certification pending motion to dismiss); *Haney v. USAA Cas. Ins. Co.*, 331 F. App'x 223,

226 (4th Cir. 2009) (stay of class certification motions pending resolution of dispositive motions); *see also White v. Bank of Am., N.A.*, No. CCB-10-1183, 2012 U.S. Dist. LEXIS 44044, at *10-12 (D. Md. Mar. 27, 2012) (finding that "judicial economy is better served" by deciding dispositive motion before addressing class certification); *Oakley v. Coast Prof'l, Inc.*, No. 1:21-00021, 2021 U.S. Dist. LEXIS 149349, at *5-6 (S.D. W. Va. Aug. 10, 2021) (granting stay after "balancing the harm produced by a stay … against the possibility that the motion to dismiss will be granted and entirely eliminate the need for such discovery").

Here, the balance of harms and judicial economy favor staying class certification briefing until the Court determines whether personal jurisdiction exists over Cigna. First, the Motion to Dismiss has been fully briefed and is pending before the Court. Second, a decision that the Court lacks personal jurisdiction over Cigna would render this Court "powerless to proceed" against Cigna and thus render briefing on the Motion a costly and burdensome nullity. *Cognate Bioservices v. Smith*, No. WDQ-13-1797, 2015 U.S. Dist. LEXIS 127217, at *11-14 (D. Md. Sep. 23, 2015) (explaining that continued litigation activities "would be a waste of the parties' resources if [the Judge] ultimately grants any of [the pending] motions to dismiss); *Sheehan v. United States*, No. 5:11CV170, 2012 U.S. Dist. LEXIS 47503, at *4-5 (N.D.W. Va. Apr. 4, 2012) (granting stay and explaining it is "inefficient and burdensome to require discovery preparations and planning to proceed when the entire case may be decided"). Third, because the threshold jurisdictional issue has not been resolved, Cigna has not had the opportunity to participate in discovery.[1] Courts should allow discovery prior to addressing a certification issue as a court is "not require[d] to accept [a] plaintiff['s] pleadings when assessing whether a class should be certified." *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 365 (4th Cir. 2004). Instead, the Court should stay briefing to allow the completion of class certification-related discovery. *See Morris v. City of Charlottesville*, No. 3:00CV00029, 2001 U.S. Dist. LEXIS 9094 at *17-18 (W.D. Va. July 3, 2001) (staying class certification to allow jurisdictional discovery). This is particularly true here as Cigna has not participated in any discovery, and Defendants have not yet deposed Plaintiff. While DentalPlans has noticed Plaintiff's deposition for January 27, 2022, it would be inefficient to conduct the deposition on behalf of DentalPlans without knowing whether Cigna will participate in the litigation. A brief stay of briefing and ultimate resetting of deadlines once the jurisdictional question is resolved will permit the parties to efficiently complete discovery with an accurate understanding of the parties and issues in case. For all of these reasons, a stay is warranted here.

### B.     Class certification should be addressed by all parties at the same time.

Judicial economy also weighs in favor of staying class certification briefing for *both Defendants*. *E.g.*, *Hardwire, LLC v. Ebaugh*, No. JKB-20-0304, 2021 U.S. Dist. LEXIS 90790, at *8 (D. Md. May 11, 2021) (citations omitted) (granting stay as to one non-movant "could create a situation where different parties have different deadlines for dispositive motions and other matters, which 'could potentially create case management problems for the court as well as problems for the remaining parties'"). Here, Plaintiff's Motion should not be briefed piecemeal at different times by the two different Defendants. Instead, briefing should be stayed as to both Defendants until Cigna's Motion to Dismiss has been resolved. Then the parties (whomever remains) can complete discovery and briefing on the Motion expeditiously.

For these reasons, this Court should stay Defendants' briefing on Plaintiff's Motion until Cigna's Motion to Dismiss is resolved and, if the Court finds it has jurisdiction, Cigna has had a full opportunity to participate in discovery.

---

[1] If the Court determines that it is has jurisdiction over Cigna, the Court should reset the discovery deadlines to allow a short period of time for Cigna to complete necessary discovery.

Sincerely,

*/s/ Derin B. Dickerson*

Derin B. Dickerson