IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH BRADLEY,<br><br>v.<br><br>DENTALPLANS.COM, *et. al.* | Civil Action No. CCB-20-1094 |

## MEMORANDUM & ORDER

The named plaintiff in this class action lawsuit, Deborah Bradley, has asked the court to compel Cigna, one of the defendants, to provide certain responses to her deposition noticed under Federal Rule of Civil Procedure 30(b)(6). Mot. to Compel, ECF 90 ("Mot."). On April 28, 2020, Bradley sued DentalPlans.com, a distributor of Cigna's dental discount plans, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Compl., ECF 1. After Bradley amended her complaint to bring in Cigna, ECF 42, Cigna moved to dismiss for lack of personal jurisdiction, ECF 51, the court denied the motion, ECFs 80-81, and the parties commenced fact discovery, working toward a deadline of February 15, 2023, *see* Scheduling Order, ECF 84. Fact discovery is now complete with the exception of the plaintiff's outstanding request for a 30(b)(6) deposition of Cigna, which the court has granted the parties leave to conduct outside the initial fact discovery window and which has not yet taken place due to the current dispute. *See* Order, ECF 87.

Bradley noticed the 30(b)(6) deposition at issue here on January 12, 2023, identifying twenty-seven proposed deposition topics. *See* Mot. at 1; Resp. to 30(b)(6) Notice, ECF 90-1. Cigna responded to the notice on March 8, 2023, objecting to a number of the proposed topics on various grounds. *See* Resp. to 30(b)(6) Notice. Although the parties were able to reach agreement

1

on twenty-three of the proposed topics through subsequent conferrals, they have been unable to resolve disputes as to four remaining topics despite good faith discussion.[1]

As a result of that stalemate, on March 14, 2023, the parties requested a discovery conference under the procedures set forth in the initial scheduling order, *see* ECF 20 at 5, asking the court to define the scope of the 30(b)(6) deposition. On April 10, 2023, the parties filed letter briefs setting out the nature of the dispute and their respective positions. *See* Mot.; Resp. to Mot. to Compel, ECF 91. On April 11, 2023, the court held a discovery conference during which it invited the parties to supplement their letter briefs with additional materials within two weeks. *See* Order, ECF 92. The parties did not file such supplements, but instead conferred and resolved at least two of the disputed deposition topics, Topics 7 and 8. *See* Status Report, ECF 100. They have remained at an impasse, however, as to Topics 15, 17, 20, and 21. *See id.*

The court held a second discovery conference on June 12, 2023, to discuss these four outstanding topics. At that conference, the parties provided their positions on the disputed issues. Counsel for the plaintiff also proposed deferring the 30(b)(6) deposition altogether in favor of summary judgment briefing directed at the issue of consent under the TCPA, a suggestion defense counsel represented would need to be discussed with Cigna. With that alternative course in flux, the court now resolves the dispute as to the outstanding deposition topics assuming the deposition will proceed as planned. Should the parties ultimately agree to defer the deposition, this ruling should nonetheless provide instructive guidance for future disputes.

Under Federal Rule of Civil Procedure 26, discovery is available on "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). At the same

---

[1] The plaintiff's motion to compel includes three additional topics, Topics 7, 8, and 10, *see* Mot. at 1-2, which the parties informed the court during the discovery conference and in a subsequent status report that they have since resolved, *see* Status Report, ECF 100.

time, though, Rule 26 "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). Applying this framework, the court "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 355 (D. Md. 2012) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii)).

Cigna objects to topics 15, 17, 20, and 21 as irrelevant and overburdensome. Topic 15 asks the deponent to "[i]dentify any and all discipline or warnings you have initiated or participated in, concerning allegations of TCPA violations, prerecorded-voice telemarketing, or internal do-not-call violations." Resp. to 30(b)(6) Notice at 4. Topic 17 asks the deponent to identify "Cigna's policies, practices, procedures, and training relating to the TCPA, the use of a prerecorded voice in outbound phone calls, call consent, do-not-call requests, telemarketing, and call-related complaints, whether as to Cigna or as to third parties like DentalPlans through which it has derived business." *Id.* at 5. Topic 20 asks the deponent to "[i]dentify any and all complaints (whether resulting in a lawsuit or not), grievances, investigations, or actual or threatened litigation from private individuals, business bureaus (such as the BBB), and government entities regarding alleged nonconsensual calling or the TCPA—and any corresponding response or investigation—along with: (1) the number of such, and (2) the number of such attributable to

3

DentalPlans." *Id.* at 6. Finally, Topic 21 asks the deponent to "[i]dentify all audits, investigations, disciplinary actions, trainings, and other actions Cigna has taken, if any, to try to prevent violations of the TCPA by it or DentalPlans, as well as the circumstances that gave rise to such actions, the dates such actions occurred, and the outcome." *Id.*

Cigna argues that these topics are irrelevant (and, correspondingly, overburdensome) to the extent they cover complaints about calls beyond those made by DentalPlans in connection with the products at issue in this case. The plaintiff responds that these topics are relevant beyond Cigna's relationship with DentalPlans because, to the extent Cigna exercised oversight over other vendors but not DentalPlans, they are probative of ratification (and thus an agency relationship between Cigna and DentalPlans), and to the extent Cigna received complaints related to other vendors but failed to take corrective action, they are probative of whether Cigna's alleged violations were knowing and willful (and thus trigger treble damages under the TCPA).

After considering the parties' contentions, the court concludes that, at this stage in the litigation, Topics 15, 17, 20, and 21 must be limited to testimony related to calls made by DentalPlans in connection with the products at issue in this case. As for the plaintiff's ratification theory, ratification "is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243, 252 (4th Cir. 2018) (citing Rest. (3d) of Agency § 4.01(1)). It is difficult to imagine how deposition testimony on Cigna's relationship with non-DentalPlans vendors could produce probative evidence that Cigna "affirmed" DentalPlans' specific conduct, and such an expansive line of inquiry would severely burden the defendant. As for the knowledge theory, the court agrees that lawsuits, enforcement actions, consumer complaints, and other evidence of "a

widespread problem," met with a failure to act, may be evidence of a knowing and willful TCPA violation. *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 662 (4th Cir. 2019). Given the uncertain relevance of the information at this stage of the case, however, and the burden on Cigna, the motion will nevertheless be denied except as to calls made by DentalPlans in connection with the products at issue in this case. This ruling may be revisited if necessary at the damages phase of this litigation.

Accordingly, the plaintiff's motion to compel, ECF 90, is **GRANTED** in part and **DENIED** in part as set forth in this memorandum and order.

So Ordered, this 13th day of June, 2023.

                                                  /s/
                                        Catherine C. Blake
                                        United States District Judge