IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH BRADLEY,
*individually and on behalf of others
similarly situated*,

  Plaintiff,

v.

DENTALPLANS.COM *et al.*,

  Defendants.

Civil No. 20-1094-BAH

## MEMORANDUM OPINION

Plaintiff Deborah Bradley ("Plaintiff" or "Bradley") brought this case on behalf of herself and others similarly situated against Defendants DentalPlans.com ("DentalPlans") and Cigna Health and Life Insurance Company ("Cigna") (collectively "Defendants"). ECF 42. On June 6, 2024, the Court granted Plaintiff's motion for class certification (ECF 107) and denied Defendant DentalPlans's motion for summary judgment (ECF 116). *See* ECF 138 (memorandum opinion) (hereinafter the "Opinion" or "ECF 138") and ECF 139 (implementing order). On June 17, 2024, DentalPlans moved this Court to certify for interlocutory appeal the summary judgment portion of the Opinion and corresponding implementing order. ECF 140 (hereinafter the "Motion"). Plaintiff filed an opposition, ECF 145, and DentalPlans filed a reply, ECF 151. For the reasons noted below, the Motion is GRANTED in part and DENIED in part.

  I.  **BACKGROUND**

The facts of this case are detailed in the Opinion. *See* ECF 138, at 2–4. In short, DentalPlans operates a "direct-to-consumer marketplace" that sells "dental savings plans" that

allow customers to receive discounts on dental treatments. ECF 116-1, at 7; ECF 111-4, at 3. Plaintiff signed up for a Cigna dental discount plan through DentalPlans during the phone a call in November of 2018. ECF 124-9, at 2. In signing up for the plan, Plaintiff orally agreed to receive automated calls from DentalPlans "to keep [her] updated with any plan information." ECF 138, at 2 (citing ECF 113-2, at 4). Later, after Plaintiff expressed that she did not want her plan to auto-renew, DentalPlans began placing calls to her phone using a prerecorded voice to inform her that her membership was ending soon and that she could renew her plan. *See* ECF 124, at 13; ECF 113-5, at 2; ECF 124-9, at 2. Plaintiff chose not to renew her plan and ignored the calls. ECF 129-10, at 8. Plaintiff's plan expired on December 1, 2019. *Id.*

After her plan expired, Plaintiff continued to receive prerecorded calls from DentalPlans. ECF 113-5, at 2. These calls, characterized by DentalPlans as "winback" calls, attempted to "win back" Plaintiff's business by encouraging her to repurchase her Cigna plan with DentalPlans. *See* ECF 111-4, at 14. According to DentalPlans's records, Plaintiff received ten of these calls between December 3, 2019, and February 26, 2020, when the calls stopped. ECF 113-5, at 2. DentalPlans estimates that it placed winback calls to 57,240 former customers during the time period relevant to this case. ECF 113-3, at 6.

Plaintiff alleges that she grew increasingly frustrated with the prerecorded calls from DentalPlans. ECF 111-2, at 5. Ultimately, she filed this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendants had violated the statute by placing unauthorized telemarketing calls to her and the proposed class of former DentalPlans customers.[1] ECF 43.

---

[1] Plaintiff initially brought a second claim alleging a violation of the "do-not-call list" provisions of the TCPA, ECF 42, at 11–13, but that claim was later abandoned and dismissed with prejudice. See ECF 138, at 4 n.3.

After full briefing on the issues, the Court granted Plaintiff's motion to certify a class (and subclass) pursuant to Federal Rule of Civil Procedure Rules 23(a) and (b)(3). ECF 138, at 20–33. The Court first found that Plaintiff had standing to sue, rejecting DentalPlans's claim that Bradley merely alleged a "bare procedural violation" of the kind the Supreme Court found incongruous with the "the strictures of Article III" in *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). ECF 138, at 8. The Court held that the dispute was controlled by *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 654 (4th Cir. 2019), a case where the Fourth Circuit explained that the receipt of unauthorized telemarketing calls was a sufficient injury to confer Article III standing. *Id.* at 9.

A second question the Court decided was whether there was a dispute of material fact over whether Plaintiff consented to receive the recorded calls from DentalPlans. ECF 138, at 10. This raised the threshold question of whether the "winback" calls should be classified as "telemarketing calls" under the TCPA requiring "prior express *written* consent," or whether the calls required only "prior express consent." *Id.* at 11 (citing 47 C.F.R. § 64.1200(a)(1)–(a)(2)). After finding that the calls were "telemarketing calls" and thus required "prior express written consent," *id.* at 13, the Court held that Bradley's voice recording could not be a valid written signature under the E-SIGN Act necessary to establish "prior express written consent" under the TCPA, *id.* at 19.

Critical to this finding was the Court's determination that the additional "consumer disclosures" section of the E-SIGN Act, 15 U.S.C. § 7001(c), applied to the prerecorded telemarketing calls that Bradley and other class members received. ECF 138, at 17–18. In reaching this conclusion, the Court examined the E-SIGN Act and the TCPA, along with relevant regulations, and held that "a plain reading of these admittedly complex statutes and regulations

3

makes clear that the TCPA does, indeed, 'require[] that information relating to a transaction or transactions in or affecting interstate or foreign commerce be provided or made available to a consumer in writing[,]'" thereby triggering the E-SIGN Act's additional disclosures. *Id.* at 17–18 (citing 15 U.S.C. § 7001(c)(1)).

The Court found no express authority from the Court of Appeals for the Fourth Circuit on point but cited with favor of the reasoning employed in *Mantha v. Quotewizard.com, LLC*, Civ. No. 19-12235, 2021 WL 6061919, at *8 (D. Mass. Dec. 13, 2021), *report and recommendation adopted*, 2022 WL 325722 (D. Mass. Feb. 3, 2022).  ECF 138, at 19.  For reasons articulated in the Opinion, the Court did not apply the decisions reached by the district courts in *Morris v. Modernize, Inc.,* No. AU-17-CA-00963-SS, 2018 WL 7076744 (W.D. Tex. Sept. 27, 2018) and *Reinert v. Power Home Remodeling Group, LLC*, No. 19-13186, 2020 WL 6743094  (E.D. Mich. Nov. 17, 2020).

Because the TCPA triggered the additional "consumer disclosures" requirement to render the voice recording a valid signature under the E-SIGN Act, and because DentalPlans had not provided the additional required "consumer disclosures," the Court denied summary judgment to Defendants.  ECF 138, at 19.  The Court then held alternatively that there was a genuine dispute of material fact as to whether Plaintiff *intended* to make a valid signature through the voice recording, which is required for an electronic record to be a writing under the E-SIGN Act.  *Id.* at 20.

DentalPlans now asks the Court to certify for immediate appeal two issues: 1) "Whether the E-SIGN Act's disclosure requirements apply to the TCPA"; and 2) "Whether a procedural violation of the TCPA is sufficient to confer Article III standing."  ECF 140, at 1.

## II.     LEGAL STANDARDS

Ordinarily, an interlocutory order of this Court would not be appealable at this time except under narrow circumstances not present here. 28 U.S.C. § 1292(a)(1)–(3) (granting the "courts of appeals" jurisdiction of appeals from "interlocutory orders of the district courts" related to injunctions, "wind[ing] up receiverships," and certain admiralty cases). However, 28 U.S.C. § 1292(b) "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 451 (D. Md. 2015) (citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir.1982)). The statute provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, [t]hat application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (italics in original). "Thus, a defendant seeking an interlocutory appeal pursuant to section 1292(b) must 'show (1) that a controlling question of law exists (2) about which there is a substantial basis for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Butler*, 307 F.R.D. at 452 (quoting *Riley v. Dow Corning Corp.*, 876 F. Supp. 728, 731 (M.D.N.C. 1992)). An inquiry into whether "a controlling question of law exists" refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine," *id.* (citing *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F.Supp.2d 612, 623 (D. Md.2013)), not "questions of law

5

heavily freighted with the necessity for factual assessment, *id.* (citing *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, at *5 (4th Cir. 1989) (unpublished table decision)). "Certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin*, 1989 WL 42583, at *5. Such a "question also may be controlling 'if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" *Coal. for Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ. Comm'n*, Civ. No. 06-2773, 2015 WL 4040425, at *4 (D. Md. June 29, 2015) (quoting 16 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3930 (3d ed. 2021)).

"Interlocutory appeal is intended to be an extraordinary remedy." *Bezek v. First Nat'l Bank of Pa.*, Civ. No. SAG-17-2902, 2023 WL 2571508, at *2 (D. Md. Mar. 20, 2023). "All three requirements must be satisfied." *Oak Plaza, LLC v. Buckingham*, Civ. No. DKC-22-0231, 2024 WL 4149835, at *1 (D. Md. Sept. 11, 2024). Unless "*all* of the statutory criteria are satisfied . . . 'the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b).'" *Butler*, 307 F.R.D. at 452 (emphasis in original) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Finally, the Court has the discretion to deny the request. *Bezek,* 2023 WL 2571508, at *2. "In other words, district courts are permitted, not required, to certify an interlocutory appeal in certain extraordinary situations." *Id.*

6

### III. ANALYSIS

**A. DentalPlans has met the requirements of 28 U.S.C. § 1292(b) as to the question of whether the E-SIGN Act's consumer disclosure requirements apply to the TCPA.**

DentalPlans argues that the first requirement of 28 U.S.C. § 1292(b) is met as to the question of whether the "additional disclosures required by Section 7001(c) of the E-Sign Act" apply to the calls at issue, because this question "is completely dispositive of the litigation." ECF 140-1, at 4. Plaintiff responds by arguing that the additional disclosure question is not a controlling question of law because "the Court also denied DentalPlans' summary judgment motion on the alternative ground that a genuine question of material fact exists as to whether Plaintiff signed – or intended to sign – any agreement to receive DentalPlans' prerecorded-voice telemarketing calls." ECF 145, at 13. DentalPlans replies by noting that "the Court's holding that the E-SIGN Act's additional disclosures do apply to the TCPA legally and materially affected the outcome of the summary judgment decision, making this issue a prototypical controlling question of law." ECF 151, at 4 (citing *Buettner-Hartsoe v. Baltimore Lutheran High Sch. Ass'n*, Civ. No. RDB-20-3132, 2022 WL 4080294 (D. Md. Sept. 6, 2022)). The Court agrees with DentalPlans.

It is correct to assert that the Court denied summary judgment to Defendants on multiple grounds including the fact that "a genuine dispute of material fact [existed] with respect to whether Plaintiff intended to sign the agreement." ECF 138, at 20. However, there can be little argument that the answer to the question of whether "the additional requirements of the E-SIGN Act's 'consumer disclosures' section apply to the disclosures required by the TCPA—specifically the 'consumer disclosures' section's prohibition of providing required disclosures

7

via voice recordings," ECF 138, at 15–16—is "serious to the conduct of the litigation, either practically or legally," *Kayz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

There is no factual dispute that DentalPlans made the disclosures via voice recording. Thus, the denial of summary judgment to Defendants on the consumer disclosures basis rested entirely on the applicability of that section of the E-SIGN Act, a legal question, not a genuine dispute of material fact.[2] This analysis will apply with equal vigor at later stages of litigation, impacting how the case will be litigated moving forward. Because the question is one that is a "'pure question of law,' that is, 'an abstract legal issue that the court of appeals can decide quickly and cleanly.'" *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019) (quoting *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017)). The question "does not require the appellate court 'to delve beyond the surface of the record in order to determine the facts.'" *Id.* (citing *Int'l Refugee Assistance Project*, 404 F. Supp. 3d at 341). Stated plainly, it is a "pure issue of law" of the kind appropriate for an interlocutory appeal. *Buettner-Hartsoe*, 2022 WL 4080294, at *3. Since the answer to the question of whether the E-SIGN Act's disclosure requirements apply to the TCPA is one that "seriously impact[s] the litigation of this case," *id.* at *4, the Court finds that a "a controlling question of law exists," *Butler*, 307 F.R.D. at 452.

DentalPlans has also established, perhaps barely so, that there is a "substantial basis for difference of opinion" on the question to be appealed. *Butler*, 307 F.R.D. at 452. As noted, there is no controlling authority in this Circuit on the question and the few district courts to have addressed the issue have answered the question differently. DentalPlans is cautioned that "for interlocutory appeals, 'it matters not whether the lower court simply got the law wrong,' but

---

[2] The alternative holding denying summary judgment, meanwhile, rested only on a genuine dispute of material fact.

'whether courts themselves disagree as to what the law is.'" *In re Nichols*, Civ. No. TDC-14-0625, 2014 WL 4094340, at *3 (D. Md. Aug. 15, 2014) (quoting *KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd.*, 250 B.R. 74, 82 (E.D. Va. 2000)). As such, the Fourth Circuit may find that slight disagreement among a few district courts fails to meet the "high threshold" for "establishing the 'substantial ground for difference of opinion' with respect to a 'controlling question of law' required for certification pursuant to § 1292(b)." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19–20 (D.D.C. 2002). Regardless, the Court is satisfied that the clear disagreement between district courts, coupled with the possibility that the Court's decision fails to square with regulations of the Federal Communications Commission, *see* ECF 151, at 4–5, provides an adequate basis to meet the second prong of the § 1292(b) analysis. *See Kennedy v. Villa St. Catherine, Inc.*, Civ. No. PWG-09-3021-WDQ, 2010 WL 9009364, at *2 (D. Md. June 16, 2010) ("But, when a matter of first impression also had other grounds for difference of opinion—and met the other two criteria—, district courts in this circuit have certified the issue for interlocutory appeal.").

Finally, the Court agrees that resolving the issue related to the application of the E-SIGN Act "definitively at this stage will lend clarity to possible settlement discussions and pretrial preparation." *Buettner-Hartsoe*, 2022 WL 4080294, at *4. That the answer to the disputed question has "the potential for substantially accelerating the disposition of the litigation" is, of course, "the critical requirement" for an interlocutory appeal. *Hirsch v. Blue Cross & Blue Shield of Maryland, Inc.*, Civ. No. MJG-90-3049, 1991 WL 502004, at *5 (D. Md. Dec. 26, 1991) (citing 9 J. Moore, B. Ward & J.D. Lucas, Moore's Federal Practice 110.22[2] at 275 (2d ed. 1991)). Plaintiff is correct that "[e]ven if the E-SIGN Act's consumer disclosure requirements do not apply here, the TCPA still requires that the written agreement for consent be

9

signed, and the E-SIGN Act still says that an electronic signature is not valid unless the party to be charged intended to sign." ECF 145, at 13–14. And the Court also determined that there exists a dispute of material fact as to whether Plaintiff intended to sign such an agreement. ECF 138, at 19–20. Thus, a case can be made that an answer to the question, even one favorable to DentalPlans would not necessarily end the litigation.

However, it has never been a requirement that an interlocutory appeal is only appropriate when the answer to the question at issue will necessarily end a case. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding that an interlocutory appeal would materially advance resolution of litigation where reversal by the appellate court would not resolve the entire case). "In deciding whether certification will materially advance the ultimate termination of the litigation, 'a district court should consider whether an immediate appeal would: (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" *Ekstrom v. Cong. Bank*, Civ. No. ELH-20-1501, 2021 WL 119000, at *3 (D. Md. Jan. 13, 2021) (citing *Goodman v. Archbishop Curley High School, Inc.*, 195 F. Supp. 3d 767, 773 (D. Md. 2016)). The E-SIGN disclosures analysis is sure to be relevant on a motion for summary judgment filed by Plaintiff and at trial, should this case reach those stages, and as part of any settlement discussions, too. Though discovery has closed in this case, DentalPlans has sufficiently shown that the other two factors are very much at play in this case. The Court is reasonably assured by the relevant filings that even if subsequent proceedings settled the question of Plaintiff's intent to sign an agreement in favor of DentalPlans, it remains the case a final answer on the question of whether DentalPlans needed to provide the required additional disclosures of the E-SIGN Act would still "serve to avoid a trial or otherwise substantially shorten the litigation." *Clark Const. Group, Inc.*

*v. Allglass Sys., Inc.*, Civ. No. DKC-02-1590, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005)). Indeed, DentalPlans concedes that the issue is "completely dispositive of the litigation." ECF 140-1, at 4.

"An interlocutory appeal is an exception to the rule, and it "'is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation.'" *Kennedy*, 2010 WL 9009364, at *1 (quoting *Carman v. Bayer Corp.*, No. CIV.A. 5:08CV148, 2009 WL 2413633, at *1 (N.D. W. Va. Aug.4, 2009)). Though the Court's answer to the question at hand prolonged—correctly, in the Court's view—this contentious class-action litigation, the Court finds that a final answer from the appellate court at this stage would achieve "[t]he purpose behind the exception," which "is to avoid unnecessary litigation." *Id.* (citing *Hirsch*, 1991 WL 502004, at *5). As such, the Court finds that the requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) are met on the question of "[w]hether the E-SIGN Act's disclosure requirements apply to the TCPA."

### B. DentalPlans has not met the requirements of 28 U.S.C. § 1292(b) as to the question of whether Plaintiff has standing.

As to the second proposed question for an interlocutory appeal—"[w]hether a procedural violation of the TCPA is sufficient to confer Article III standing"—the Court cannot conclude that the strict requirements of 28 U.S.C. § 1292(b) are met. DentalPlans is correct in reciting the well-established fact that "standing is a threshold jurisdictional issue that must be determined before a court can consider the merits of a case." ECF 140-1, at 5 (citing *Indus. Servs. Grp. v. Dobson*, 68 F.4th 155, 167 (4th Cir. 2023)). In that sense, a question of standing, generally speaking, is a purely legal question that satisfies the first of the three elements of 28 U.S.C. § 1292(b). Plus, the question argument reaches the of the relevant factors since a decision that the

11

Plaintiff lacks standing would obviously "shorten the litigation." *Clark Const. Group Inc.*, 2005 WL 736606 at * 4.

However, Bradley rightly notes that the framing of the question confuses the issues since the question of what constitutes a "procedural violation of the TCPA" is open to interpretation. ECF 145, at 15.  Thus, it may be the case that the question of what constitutes a mere "procedural violation" would be inappropriate for an interlocutory appeal because it might cause the appellate court "to delve beyond the surface of the record in order to determine the facts." *Agape Senior Cmty, Inc.*, 848 F.3d at 341 (quoting *McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)).

Regardless, the Court need not waste words addressing the first and last of the elements for an interlocutory appeal since the second prong of 28 U.S.C. § 1292(b) remains unmet.  As noted, "courts find substantial grounds for difference of opinion 'where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Ekstrom v. Cong. Bank*, Civ. No. ELH-20-1501, 2021 WL 119000, at *3 (D. Md. Jan. 13, 2021) (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).  Here, the issue presented for interlocutory appeal—whether the receipt of "unwanted calls on multiple occasions" confers standing—was squarely addressed in *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 654 (4th Cir. 2019).  And though there are some differences between *Krakauer* and the case at bar, the *Krakauer* Court "held that the receipt of unwanted telemarketing calls prohibited under the TCPA was unambiguously sufficient to constitute an injury for Article III standing." ECF 138, at 9 (citing *Krakauer*, 925 F. 3d at 653).  Since the conduct at issue here is so similar

to that faced in *Krakauer*, the Court had little difficulty finding that Bradley alleged an injury sufficient to confer standing.  ECF 138, at 9.

DentalPlans had the chance argue that the injury was not sufficiently concrete and did so by claiming that Plaintiff's complaint of receiving at least ten "winback calls between December 3, 2019, and February 26, 2020" was better framed as one alleging a "bare procedural violation." ECF 138, at 3, 8.  The Court applied *Krakauer* and disagreed.  *Id.* at 9.  Thus, the request for an interlocutory appeal as to the standing question represents a mere "disagreement with the decision of the district court," which, "no matter how strong, does not create substantial grounds" for finding a difference of opinion sufficient to implicate § 1292(b).  *Int'l Refugee Assistance Project*, 404 F. Supp. 3d at 950 (citing *Couch*, 611 F.3d at 633).[3]  Stated differently, there is no dispute that *Krakauer* is settled law.  ECF 151, at 7 (raising no argument that other circuits have disagreed with *Krakauer* but claiming that "*Krakauer* is not controlling because the Fourth Circuit was not presented with, and thus did not resolve, the nuanced question of standing presented here.").  "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633 (citing *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009)).  The request for an interlocutory appeal on the question of standing is denied.

---

[3] Perhaps more importantly, there is apparently no dispute here that Bradley received at least ten "winback" calls, and the class as a whole may have received close to 57,240 such calls.  ECF 138, at 3–4.  Thus, Plaintiff has properly alleged that she (and the class) "received unwanted calls on multiple occasions."  *Krakauer*, 925 F.3d at 653.  The Court is of the mind that sending the case up on appeal on this question simply to have the Fourth Circuit repeat that the receipt of unwanted calls does not present an "ethereal or abstract" injury, *id.*, and thus is "sufficient to meet the concreteness requirement" laid out in *Spokeo,* 578 U.S. at 340, would be a waste of the appellate court's resources and time.

## III. <u>CONCLUSION</u>

For the foregoing reasons, DentalPlans's motion to certify issue for interlocutory appeal, ECF 140, is **GRANTED** in part and **DENIED** in part. The Court certifies the portion of its Order and Memorandum Opinion addressing whether the E-SIGN Act's disclosure requirements apply to the TCPA (ECF 138, at 10–19). The remainder of this case is STAYED[4] pending review from the United States Court of Appeals for the Fourth Circuit.

A separate implementing Order will issue.

Dated: <u>December 18, 2024</u>                                  /s/
                                                         Brendan A. Hurson
                                                         United States District Judge

---

[4] The decision to "stay proceedings in the district court" pending resolution of an interlocutory appeal is left "to the district judge or the Court of Appeals." 28 U.S.C. § 1292(b).